IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GLENN RIPPLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-0845-MJR-DGW |
| | ) | |
| TEAMSTERS LOCAL 525, | ) | |
| PRECISION PIPELINE, LLC, and | ) | |
| NAT'L LABOR RELATIONS BD. | ) | |
| REGION #14 | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

### I.      Introduction

On July 26, 2016, Plaintiff Glenn Rippley filed an employment discrimination claim against the Teamsters Local 525 (the "Teamsters"), Precision Pipeline LLC ("Precision"), and the National Labor Relations Board Region #14 ("NLRB") (Doc. 2).  The Court conducted an initial screening of the complaint, dismissed the complaint with leave to amend, and subsequently conducted a second initial screening on the First Amended Complaint (Docs. 2, 5, 6, 8).  After reviewing the First Amended Complaint, the Court determined that it still lacked sufficient factual or legal grounds to proceed beyond screening (Doc. 8).  The Court dismissed the First Amended Complaint and allowed Plaintiff Rippley an additional 35 days to file an amendment, which he did in a timely fashion (Doc. 9).  The Second Amended Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) because Rippley seeks to proceed *in forma pauperis* (Doc. 9).

In his Second Amended Complaint, filed using four copies of this Court's standard employment discrimination complaint form, Plaintiff Rippley claims that he was discriminated against based upon: his race, pursuant to Title VII, or 42 U.S.C. § 1981; his age, pursuant to 42 U.S.C. § 621; and his religion, pursuant to Title VII; and, that he was retaliated against for acting as a whistleblower (Doc. 9 at 2, 10, 14). He also alleges that his due process rights were violated because he was terminated without any warning or opportunity to defend himself (*Id.* at 6). In connection with his claims, he names Teamsters and Precision (*Id.* at 1-16).[1] He seeks compensation for lost wages, reinstatement, and monetary damages (*Id.* at 4, 8, 12, 16).

In addition to his written complaint, Rippley has resubmitted 39 pages of exhibits, which are comprised of various documents he previously submitted to the EEOC and the Illinois Department of Human Rights (IDHR) (Doc 9 at 17-55). The exhibits include "witness affidavits" containing his own statements about claims he made with various agencies in relation to his employment (*Id.*).

The Second Amended Complaint, and the attached exhibits, are now before the Court for screening pursuant to § 1915A because Rippley seeks to proceed *in forma pauperis*. Section 1915(e)(2) requires a court to dismiss any complaint if (a) the allegation of poverty is untrue; (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted; or, (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Rippley's previous two complaints have been dismissed pursuant

---

[1] Rippley's Second Amended Complaint does not name the National Labor Relations Board, Region 14 (Doc. 9). In the Order dismissing Rippley's First Amended Complaint, and allowing him leave to file a Second Amended Complaint, the Court clearly explained that the Second Amended Complaint would fully supersede prior complaints (Doc. 8). Thus, the Court is treating the Second Amended Complaint as a voluntary dismissal of any claims by Rippley against the National Labor Relations Board, Region 14.

to § 1915(e)(2) because the Court has determined that he has failed to state a claim (Docs. 5, 8). After screening Rippley's Second Amended Complaint, the Court finds that Rippley has still failed to state a claim for the reasons set forth below.[2]

## II.     Legal Analysis

As a part of the § 1915(e)(2) screening, the Court is required to determine if the complaint presents any potentially meritorious factual and legal grounds.  The standards for deciding whether to dismiss a case for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under the Federal Rule of Civil Procedure 12(b)(6).  *Dewalt v. Carter*, **224 F.3d 607, 611-12 (7th Cir. 2000)**.  The complaint must contain allegations that go beyond a merely speculative level.  *Bell Atl. Corp. v. Twombly*, **550 U.S. 544, 555 (2007)**.  A complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Ashcroft v. Iqbal*, **556 U.S. 662, 678 (2009) (quoting** *Twombly*, **550 U.S. at 555)**.  *Pro se* plaintiffs' allegations are given particular lenience, and they need not be artfully pled, so long as they present a basic story that holds together.  *See e.g. Swanson v. Citibank, N.A.*, **614 F.3d 400, 404 (7th Cir. 2010)**.  However, if the lack of organization or coherence is too confusing to determine which facts allegedly constitute wrongful conduct, dismissal is appropriate.  *Stanard v. Nygren*, **658 F.3d 792, 798 (7th Cir. 2011) (finding that a second amended complaint was too verbose and convoluted to justify allowing it to proceed beyond screening even if it did present potentially meritorious claims buried as a needle amongst a haystack).**

---

[2] The dismissal of this case has no bearing on Rippley's other matter pending before this Court—16-cv-0049-MJR-SCW.

**Race Discrimination:**

As the Court previously stated, to establish a *prima facie* case of discrimination via indirect evidence, a plaintiff must demonstrate that: "(1) he belongs to a protected class; (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) his employer treated similarly situated employees outside of his protected class more favorably." **Contreras v. Suncast Corp., 237 F.3d 756, 759 (7th Cir. 2001).** Here, Rippley alleges that as a black man he is a member of a protected class, that he performed his job satisfactorily, that he was terminated, and that other white males were not terminated. In support of his allegation that there was differential treatment, Rippley alleged that white males "were catered to with smoking breaks lunch breaks where plaintiff received none as a Black male. Plaintiff was not allowed to congregate with other (Black males)" (Doc. 9 at 3). Rippley also contends that there was a pattern of harassment and racial actions which "caused all protected classes to discontinue participation and union activities, left union membership" (*Id.* at 11).

Rippley's newest allegations in his Second Amended Complaint come closer to stating a claim than his previous assertions in the sense that he attempts to set forth the clearly defined elements—that he is a protected class member, that he performed his work satisfactorily, that he was terminated, and that others were not. However, Rippley still fails to state a claim because he has not indicated how there is any connection between the alleged differential treatment (smoke breaks for others, or 'racial actions'), his job performance, his protected status, and his termination. For example, it is not as if he contends that he performed poorly and was terminated *because* he never got a smoke break or lunch break. Plaintiff fails to weave these bare assertions into any sort of story that holds together.

Additionally, Rippley fails to provide any specifics about the job duties of the white employees, so it is not clear that other employees performing *comparable* job duties were treated differently than him. *See Alexander v. Casino Queen, Inc.*, **739 F.3d 972, 981 (7th Cir. 2014) (noting that plaintiffs satisfied the similarly situated employee prong by comparing their treatment to the preferential treatment of other cocktail waitresses who were given more preferable floor assignments despite holding the same position and possessing the same capabilities of plaintiffs).** It is not enough to state a claim to merely identify facts that could be consistent with racial discrimination practices, which is exactly what Plaintiff has done here. *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) ("'naked assertions' devoid of 'further factual enhancement'" are not sufficient to state a claim). He has identified factual components that match the basic tenants of a race discrimination claim, but he has not provided any story as to how these factual elements come together to constitute actual discrimination. Given these ambiguities, the Court finds that Rippley still has not stated a proper *prima facie* case of race discrimination. Accordingly, this claim is dismissed.

**Age Discrimination:**

Rippley's age discrimination claim was initially dismissed because he failed to meet a technical filing requirement involving the EEOC. His First Amended Complaint surmounted this problem with the mere passage of time, but in that Complaint, Rippley still failed to make out the components of an age discrimination claim, omitting critical information, such as his own age. Here, Rippley primarily adds his own age to his age discrimination claim, alleging that he is 58 years old, that he performed his work satisfactorily, and that younger white employees were allowed to continue their employment. Plaintiff alleges that these facts support

finding a violation of his rights under the age discrimination act. However, these allegations suffer from the same infirmity as his race discrimination claims because he fails to present a plausible story as to how or why his age was held against him in a discriminatory fashion. The bare legal allegation that he was discriminated based on his age, coupled with the rudimentary facts of his own age, and the allegation that younger workers got better treatment is not enough for this claim to proceed.

**Religious Discrimination:**

Rippley has checked the box for religious discrimination on one of the four forms he has filed with this Second Amended Complaint, but he made no factual assertions or other narrative in support of a religious discrimination claim. Accordingly, this claim may not proceed.

**Retaliation:**

Rippley conclusively asserts that he was retaliated against for acting as a whistleblower or for filing past complaints about his work environment. Plaintiff attempted to make this same claim in his Complaint and his First Amended Complaint. In the original screening Order, this Court found that Plaintiff had failed to state a claim for retaliation because he did not identify any prior EEOC filings that he was retaliated against for filing (Doc. 5 at 5-6). In the second screening Order, this Court found that although Plaintiff had appended a variety of EEOC and Illinois Human Rights Commission documents to his complaint, he had failed to provide any story as to how those documents led to eventual retaliation. Thus, the Court dismissed his retaliation claim because it was impossible to decipher what, if any, claim he was making. Plaintiff's Second Amended Complaint suffers the same infirmity as the First Amended

Complaint. Once again he has appended approximately 30 pages of documentation that appear to document past dealings with the EEOC and the Human Rights Commission, but he has failed to explain how any of these documents are tied to later 'retaliatory' conduct by the Defendants. Such ambiguity renders his pleading insufficient as to any claim of retaliation.

Related to his retaliation claim, Plaintiff also raised allegations in his First Amended Complaint that he was terminated for acting as a whistleblower. The Court addressed this potential claim in its Order dismissing the First Amended Complaint, noting that Plaintiff had failed to provide sufficient detail to illustrate a story that held together regarding whistleblowing (Doc. 8). In his Second Amended Complaint, Plaintiff has again included the label "whistleblower," but he has not included any additional explanation about the factual or legal nature of this claim. Mere labels are insufficient to state a claim, so this claim will be dismissed.

**Due Process:**

Finally, Rippley continues to allege that his due process rights were violated because he was terminated without any warning or an opportunity to be heard. Surely the Plaintiff has identified the basic tenents of a due process violation—that he did not get any warning or opportunity to change his workplace conduct; that he did not get an explanation of his employer's potential reasons to terminate him; and, that he did not get an opportunity to tell his side of the story prior to being terminated—but these naked assertions are not sufficient to state a claim at this juncture. *See Bodenstab v. Cnty. of Cook*, **569 F.3d 651, 664 (7th Cir. 2009) (setting forth the elements of a due process claim in the employment context);** *Ashcroft*, **556 U.S. at 678.** After reviewing his due process allegations in the First Amended Complaint, this

Court indicated that it was possible Rippley could make out a claim for a due process violation, but that he would be granted leave to further develop the claim. Plaintiff has failed to abide this directive, instead presenting the Court with the same basic facts he previously identified, along with a citation to the case this Court identified as setting the standard for procedural due process claims. Such threadbare pleading is not acceptable because it does not show that there are any actual facts involving the Plaintiff's own termination to support such a theory. Accordingly, the Court hereby dismisses the Second Amended Complaint as to any theory of a due process violation.

### III.     Conclusion

In sum, after multiple opportunities to amend his pleadings, Plaintiff has failed to come forth with sufficient factual and legal allegations to present any plausible claim for relief. Plaintiff's Second Amended Complaint is essentially a recitation of the various legal 'elements' of discrimination claims this Court has identified in its previous screening orders, accompanied by a thin smattering of threadbare factual allegations that closely mirror the wording of the elements themselves. What Rippley lacks is any sort of plausible story that explains how and when discriminatory or violative actions were taken by the Defendants against him. The Court warned in its prior Order that Rippley's failure to remedy the infirmities of his First Amended Complaint would lead to dismissal of this action with prejudice. At this juncture, the Court finds that dismissal with prejudice is appropriate because Rippley has failed to identify any claim sufficient to get beyond the threshold of § 1915(e) screening.

Though disfavored, dismissal with prejudice may be permissible where a plaintiff has been given numerous chances to amend his or her pleadings and has failed to provide any

plausible grounds upon which a claim may proceed. *See Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 347 (7th Cir. 2012); *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, **499 F.33d 663, 666-68 (7th Cir. 2007) (affirming a district court's dismissal of a third amended complaint where the plaintiff failed to follow very explicit directions as to how to plead their claims in compliance with Rule 8).** Furthermore, the Seventh Circuit has held that dismissal is appropriate where a plaintiff fails to remedy a precise deficiency the district court previously identified with the plaintiff's pleadings. *General Elec. Capital Corp. v. Lease Resolution Corp.*, **128 F.3d 1074, 1085 (7th Cir. 1997).** Here, Rippley has been warned several times of the deficiencies with his pleadings, and he has failed to make any indication that facts exist sufficient to remedy the deficiencies.

Accordingly, Rippley's Second Amended Complaint is hereby **DISMISSED** with prejudice and without leave to file an amendment.

In light of the dismissal of Rippley's Complaint, the Court finds it appropriate to **DENY** his pending motions for leave to proceed in forma pauperis (Doc. 3) and for service of process at government expense (Doc. 4).

The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: January 19, 2017

                                                          s/ *Michael J. Reagan*
                                                          Michael J. Reagan
                                                          United States District Judge